UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 UNIFIED TRUST<br>Plaintiff | ) | |
| V. | ) | C.A. NO. CA 05 067T |
| MORSE SAND AND GRAVEL CORP.<br>Defendant | ) | |

ANSWER AND COUNTERCLAIM
OF THE DEFENDANT

Introduction

1. The allegations contained in paragraph 1 of the Complaint do not require a responsive pleading.

Parties and Jurisdiction

2. The Defendant, Morse Sand and Gravel Corp. (Morse) is without sufficient information to either admit or deny the allegations contained in paragraph 2.

3. Morse admits the allegations contained in paragraph 3.

9

4. The allegations contained in paragraph 4 constitute conclusions of law and as such no further responsive pleading is required.

Facts

5. Morse admits the allegations contained in paragraph 5.

6. Morse admits the allegations contained in paragraph 6.

7. Paragraph 7 refers to a written document which speaks for itself, therefore, no responsive pleading is required.

8. Morse admits that it is signatory to a collective bargaining agreement with Teamsters Local 251 and in further answering states that the collective bargaining agreement speaks for itself.

9. Morse denies the allegations contained in subsections (a) and (b) of paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law and as such no further responsive pleading is required.

Wherefore, Morse Sand and Grave Co. respectfully requests that this Court dismiss the Complaint, against it or in the alternative issue judgment for it awarding it costs and reasonable attorney's fees for defense of this action.

FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the appropriate Statute of Limitations.

THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the Statute of Frauds.

FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Laches.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff 's claim is barred by the Doctrine of Accord and Satisfaction.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails under the Doctrine of Unclean Hands.

COUNTERCLAIM

1. The Defendant/Counterclaim Plaintiff, Morse Sand and Grave Corp. (Morse) is a corporation organized under the laws of the State of Rhode Island having its principal place of business in Attleboro, Massachusetts.

2. The Plaintiff/Counterclaim Defendant, Teamsters Local Union 251 Unified Trust Fund (Unified Trust) on information and belief is a labor-management committee within the meaning of §302(c)(9) of the Labor-Management Relations Act (Taft-Hartley) and within the meaning of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §1000 et seq.

3. The Unified Trust was established to expand work opportunities for contractors who are signatory to a collective bargaining agreement with Teamsters Local 251 and for Teamster members of Local 251.

4. The Unified Trust is administered by a Board of Trustees consisting of both management and union trustees who entertain requests from signatory contractors for relief from the Unified Trust when the signatory employers are faced with non-union competition.

5. Every signatory employer including Morse, pays contributions into the Unified Trust pursuant to the collective bargaining agreement. These contributions are based on hours worked by Teamster members of Local 251.

6. Morse has contributed tens of thousands of dollars to the Unified Trust during the course of its collective bargaining agreements with Local 251.

7. Morse has requested from the Trustees of the Unified Trust relief on 15 projects located in the geographic jurisdiction of the Local 251 Agreement. The total relief requested on those 15 projects by Morse was $83,387. The Trustees rejected Morse's requests on all 15 projects and have never provided Unified Trust relief to Morse.

8. On information and belief, the Trustees of the Unified Trust have been channeling all funds to one contractor in the State of Rhode Island in violation of the Declaration of Trust which established the Unified Trust.

9. By favoring one or more contractors in the State of Rhode Island to the expense of Morse and other contractors whose requests are repeatedly denied, the Trustees of the Unified Trust have violated the Trust Document which controls their fiduciary responsibility, violated ERISA by engaging in transactions prohibited by §1106 and violated of §302(c)(9) of the Taft-Hartley Act.

Wherefore, Morse Sand and Gravel Corp. requests that this Court issue an order:

1. Directing the Trustees of the Unified Trust to cease and desist violating the Trust Documents, ERISA and the Taft-Hartley Act;

2. Directing the Trustees of the Unified Trust to refund the Unified Trust monies improperly paid to one or more contractors in the State of Rhode Island at the expense of Morse and other contributing employers;

3. Directing the Trustees of the Unified Trust to fairly and equitably disburse the funds to all contributing employers who make reasonable requests for such funds; and

4. For such other relief as this Court deems meet and proper.

MORSE SAND AND GRAVEL CORP.
By its attorneys,

Girard R. Visconti – R.I. Bar #0566
Visconti & Boren LTD
55 Dorrance Street
Providence, RI 02903-2219
Tel: 401/331-3800
Fax: 401/421-9302

James R. Grosso
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655
(Admitted *Pro Hac Vice*)

DATED: May 4, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the Attorney of Record for each Party by mail-hand on.